UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WAYNE R. RICHARDSON,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY DISTRICT COURT,<br>et al.,<br><br>Defendants. | CASE NO. C10-1649JLR<br><br>ORDER OF DISMISSAL WITH PREJUDICE |

On October 12, 2010, Plaintiff Wayne R. Richardson, filed a complaint against the King County District Court, Chief Presiding Judge Barabara Linde, Judge Arthur Chapman, Judge Mark Chow, King County Prosecuting Attorney, Dan Satterberg, and Deputy Prosecuting Attorney, Oma L. LaMothe (Dkt. # 4).  Mr. Richardson also filed a motion for leave to proceed in forma pauperis (Dkt. # 1).  On October 19, 2010, the United States Magistrate Judge granted Mr. Richardson's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  (Order (Dkt. # 3).)  Upon granting such

1  a request, the court must also screen the complaint pursuant to 28 U.S.C. § 1915(e)(2),

2  and does so here.

3      Federal courts "shall dismiss" a case if the court finds that the complaint is "(i)

4  frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii)

5  seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §

6  1915(e)(2)(B).  A complaint may be dismissed as frivolous under § 1915(e)(2)(B) "where

7  it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325

8  (1989), *superseded on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27

9  (9th Cir. 2000).  "[A] court is not bound, as it usually is when making a determination

10 based solely on the pleadings, to accept without question the truth of plaintiff's

11 allegations," but must "pierce the veil of the complaint's factual allegations" to determine

12 if the claims are "fanciful, fantastic and delusional," or if they "rise to the level of the

13 irrational or wholly incredible whether or not there are judicially noticeable facts

14 available to contradict them."  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) (internal

15 quotation marks and citations omitted).

16     Under the standards set forth above, Mr. Richardson's complaint is legally

17 insufficient.  As best as the court can determine, Mr. Richardson appears to complain

18 about a 2000 Labor and Industry ("L&I") complaint made against him alleging that he

19 was not "registered in Washington State to work in his business."  (Compl. ¶ A.)  It is

20 unclear what occurred after the L&I complaint because Mr. Richardson's complaint is

21 incomprehensible.  It appears, however, that there was a lengthy judicial proceeding

22 involving King County prosecutors and King County District Court judges – all of whom

1   are immune from suit.  *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ( en

2   banc ) ("Judges and those performing judge-like functions are absolutely immune from

3   damage liability for acts performed in their official capacities."); *Imbler v. Pachtman*,

4   424 U.S. 409, 430 (1976) (holding that prosecutorial immunity protects eligible

5   government officials when they are acting pursuant to their official role as advocate

6   performing functions "intimately associated with the judicial phase of the criminal

7   process.").

8         Accordingly, the court finds Mr. Richardson's allegations irrational and wholly

9   incredible.  Generally, when dismissing a complaint, "leave to amend should be granted

10   unless the court determines that the allegation of other facts consistent with the

11   challenged pleading could not possible cure the deficiency."  *DeSotov. Fellow Frieght*

12   *Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) (internal quotations omitted).  In this case,

13   "it is absolutely clear that the deficiencies of the complaint could not be cured by

14   amendment."  *Franklin v. Murphy,* 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (internal

15   quotations omitted).

16         Therefore, Plaintiff's complaint is DISMISSED WITH PREJUDICE as legally

17   deficient and factually frivolous.

18         It is further ORDERED that the clerk shall ENTER JUDGMENT accordingly and

19   close this case.

20

21

22

ORDER- 3

1    Dated this 14th day of December, 2010.

2

3

4                           JAMES L. ROBART

5                           United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 4